❏ Original     ❏ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>Records and information associated with the cellular devices<br>assigned call number 414-888-2829 (referred to in Attachment B as<br>"Target Cell Phone", in the custody or control of T-Mobile USA, Inc. | )<br>)<br>)<br>)<br>)<br>)    Case No. 23-1836M(NJ)<br>   Matter No. 2023R00539 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before 11/7/2023 _____ *(not to exceed 14 days)*
❏ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Hon. Nancy Joseph _____.
*(United States Magistrate Judge)*

❏ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❏ for _____ days *(not to exceed 30)*  ❏ until, the facts justifying, the later specific date of _____.

Date and time issued: 10/24/2023 @ 12:18 p.m. _____

*Judge's signature*

City and state:  Milwaukee, Wisconsin _____

Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

**Property to Be Searched**
**Matter No. 2022R00539**

Records and information associated with the cellular device assigned **414-888-2829** (referred to herein and in Attachment B as "the Target Cell Phone"), with listed subscriber(s) unknown, that is in the custody or control of T-MOBILE (referred to herein and in Attachment B as the "Service Provider"), a wireless communications service provider that is headquartered at 4 Sylvan, Parsippany, NJ 07054.

**Particular Things to be Seized**
**Matter No. 2022R00539**

**I.**     **Information to be Disclosed by the Service Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Service Provider, including any information that has been deleted but is still available to the Service Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Service Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

a. The following subscriber and historical information about the customers or subscribers associated with the **Target Cell Phone** for the time period from June 23, 2023, to present:

i. Names (including subscriber names, usernames, and screen names);

ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

iii. Local and long-distance telephone connection records;

iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

v. Length of service (including start date) and types of service utilized;

vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number

Page 2

("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records; and

ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the **Target Cell Phone**, including:

(A) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

(ii) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received), as well as per-call measurement data (also known as "real-time tool" or "RTT").

b. Information associated with each communication to and from the **Target Cell Phone** for a period of 30 days from the date of this warrant, including:

Page 3

i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

ii. Source and destination telephone numbers;

iii. Date, time, and duration of communication; and

iv. All data about the cell towers (i.e., antenna towers covering specific geographic areas) and sectors (i.e., faces of the towers) to which the **Target Cell Phone** will connect at the beginning and end of each communication, as well as per-call measurement data (also known as "real-time tool" or "RTT").

The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with the **Target Cell Phone**.

c. Information about the location of the **Target Cell Phone** for a period of 30 days, during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information.

i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Service Provider, the Service Provider is required to disclose the Location Information to the government. In addition, the Service Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the

Service Provider's services, including by initiating a signal to determine the location of the **Target Cell Phone** on the Service Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Service Provider for reasonable expenses incurred in furnishing such facilities or assistance.

II.     This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

### III.     Information to be Seized by the Government

1.     All information described above in Section I that would assist in locating the whereabouts of Jacque HERNANDEZ ("HERNANDEZ") who is currently wanted for violations of Title 18, United States Code, Section 3146 in relation to violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 843(b) and Title 18, United States Code, Section 2(a).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Service Provider in order to locate the things particularly described in this Warrant.

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br><br>Records and information associated with the cellular devices<br>assigned call number 414-888-2829 (referred to in Attachment B as<br>"Target Cell Phone", in the custody or control of T-Mobile USA, Inc. | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 23-1836M(NJ)<br><br>Matter No. 2022R00539 |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

❑ evidence of a crime;

❑ contraband, fruits of crime, or other items illegally possessed;

❑ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841, 843, 846 | Fugitive investigation; Attempt to possess with the intent to distribute; Conspiracy to possess with the intent to distribute and distribution; Use of the mail to facilitate commission of a felony; |
| 18 U.S.C. § 2(a), 3146 | |

The application is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

❑ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

GARY M ROY    Digitally signed by GARY M ROY
Date: 2023.10.18 16:41:09 -05'00'

*Applicant's signature*

USMS TFO Gary Roy

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

telephone *(specify reliable electronic means)*.

Date: 10/24/2023

*Judge's signature*

City and state: Milwaukee, Wisconsin     Honorable Nancy Joseph, U.S. Magistrate Judge

*Printed name and title*

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**
**Matter No. 2022R00539**

I, Gary Roy, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A), for information about the location of the cellular telephone assigned call number **414-888-2829,** (the "**Target Cell Phone**"), with listed subscriber(s) Johnny Doe, whose service provider is T-Mobile ("Service Provider"), a wireless telephone service provider headquartered at 4 Sylvan, Parsippany, NJ 07054. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.      In this application, the United States seeks (1) historical cell-site location information; (2) historical precision location information; (3) prospective, real-time cell-site location information; (4) prospective, real-time precision location information (i.e., E-911 Phase II data and GPS); and (5) subscriber information and other historic non-content records and information.

3.      Because this warrant application seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), I also make this affidavit in support of an application by the United States of America for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") to record, decode, and/or capture dialing,

routing, addressing, and signaling information associated with each communication to or from the **Target Cell Phone**.

4.    I am a Deputy United States Marshal with the United States Marshals Service ("USMS"), acting as a Task Force Officer ("TFO") currently assigned to the Great Lakes Regional Fugitive Task Force ("GLRFTF") and, as such, am charged with enforcing all laws in all jurisdictions of the United States, its territories and possessions. I have been a member of the GLRFTF since February 2023, and have investigated multiple fugitive cases. I have had both formal training and have participated in numerous investigations to locate federal and state fugitives. I am an investigator or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses. I am also employed as a Special Agent with Homeland Security Investigations ("HSI") and have been so employed since February 2018. Prior to my employment HSI, I was employed as a Patrol Agent with the United States Border Patrol since December 2007. To date, I have approximately fifteen ("15") years of law enforcement experience.

5.    The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6.    Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that the information requested will assist in locating the whereabouts of Jacque HERNANDEZ ("HERNANDEZ") who is currently wanted for violations of Title 18, United States Code, Section 3146 in relation to violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 843(b) and Title 18, United States Code, Section 2(a).

Page 2

**PROBABLE CAUSE**

7.     The United States government, including the USMS, is conducting a fugitive investigation of HERNANDEZ who is currently wanted for violations of Title 18, United States Code, Section 3146.

8.     On January 24, 2023, HERNANDEZ was indicted in the Eastern District of Wisconsin (EDWI) for violations of in relation to violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 843(b) and Title 18, United States Code, Section 2(a) (Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances; Use of the Mail to Facilitate Commission of a Felony; and Attempt to Possess with intent to Distribute a Controlled Substance), in case number  23-CR-00015.

9.     A summons was issued for HERNADEZ's appearance on February 23, 2023, at 9:00 am before Magistrate Judge William E Duffin. HERNANDEZ was contacted by law enforcement and was told notice of the upcoming hearing would be coming.  Attempts were made to serve HERNANDEZ with the summons, but law enforcement was not successful.  Magistrate Judge William E Duffin rescheduled the matter for March 14, 2023, at 9:30 am for the United States and defense counsel to attempt to contact HERNANDEZ regarding his court appearance.

10.     On March 14, 2023, HERNANDEZ was scheduled to appear for an Initial Appearance/Arraignment hearing before the Magistrate Judge Stephen C. Dries.  Law enforcement nor defense counsel were able to locate or contact HERNANDEZ.  HERNANDEZ was not present at the hearing and a warrant for his arrest was subsequently issued.

11.     During the course of the investigation, your affiant discovered that HERNANDEZ had listed his employment at Amalga Composites, Inc located at 10600 W Mitchell Street, West Allis, Wisconsin.  I spoke with a Human Resource ("HR") specialist who told me HERNANDEZ

Page 3

had quit his job at that company around January of 2023 and provided me with a copy of HERNANDEZ' employment records. I reviewed the records which showed HERNANDEZ listed his phone number as 414-581-8037.

12. Database queries show the phone number's carrier to be T-Mobile (the "Service Provider"). I issued a DHS Summons to T-Mobile requesting information associated with the telephone number 414-581-8037. T-Mobile provided a response, and I observed the subscriber to the phone was unknown.

13. On or about June 23, 2023, your affiant sought and received a search warrant (23-m-404(SCD)), issued by the Honorable Stephen C. Dries, for HERNANDEZ' telephone number 414-581-8037. However, upon execution of the warrant, HERNANDEZ deactivated 414-581-8037.

14. Your affiant then interviewed HERNANDEZ' known girlfriend at the time, Gloria Miranda. Miranda told me HERNANDEZ had dropped his phone and only communicates with his sister, parents, children, and his children's mother.

15. I reviewed HERNANDEZ' employment records and observed HERNANDEZ listed his sister, Catarina Hernandez, as his emergency contact with a listed number of 414-573-9465. Law enforcement database showed the telephone number 414-573-9465 had AT&T as a carrier. Through legal process, I requested information associated with telephone number 414-573-9465 from AT&T. AT&T provided a response which revealed the subscriber to be Catarina Hernandez and the responsible billing party to be Veo Brumfield, which records show to be Catarina and Jacque HERNANDEZ' stepfather.

16. I reviewed official records which show the mother of HERNANDEZ' children to be Bessie Haynes. Records checks revealed Haynes current number to be 262-595-4181. Records

Page 4

checks show the carrier of telephone number 262-595-4181 to be T-Mobile. Through legal process, I requested information associated with telephone number 262-595-4181 from T-Mobile. T-Mobile provided a response, and I observed the subscriber to be Bessie Haynes.

17.     I reviewed official records which show HERNANDEZ has a 22-year-old son named Jacob Santell Hernandez.  Records checks show Jacob Hernandez' current phone number to be 262-423-1284. Database queries show telephone number 262-423-1284 has AT&T as a carrier. Through legal process, I requested information associated with telephone number 262-423-1284 from AT&T. AT&T provided a response which revealed the subscriber to be Jacob Hernandez.

18.     I reviewed HERNANDEZ' employment records and observed HERNANDEZ listed his stepfather, Veo Brumfield, as a personal reference. HERNANDEZ listed Brumfield's phone number as 414-491-6127. Database queries show telephone number 414-491-6127 has a carrier of AT&T.  Through legal process, I requested information associated with telephone number 414-491-6127 from AT&T.  AT&T provided a response which revealed the subscriber to be Veo Brumfield.

19.     I then reviewed the call detail records for Catarina Hernandez's telephone number 414-573-9465, Bessie Haynes's telephone number 262-595-4181, Jacob Hernandez's telephone number 262-423-1284, and Veo Brumfield's telephone number 414-491-6127. A review of their call detail records shows **414-888-2829 (Target Cell Phone)** to be a commonly called number.

20.     Database queries show the **Target Cell Phone's** carrier to be T-Mobile (the "Service Provider").  Through legal process, I requested information associated with the **Target Cell Phone** from T-Mobile.  T-Mobile provided a response, and I observed the subscriber of the **Target Cell Phone** to be "Johnny Doe" with a service and billing address of 3120 W Center St,

Page 5

Milwaukee, WI 53210. A search in Google reveals the Center St address to be an abandoned manufacturing plant. In my training and experience, I know criminal violators, to include fugitives, will often use fictitious names and addresses in an effort to mislead law enforcement in the attempt to locate them.

21.     I reviewed law enforcement databases which revealed the **Target Cell Phone** commonly makes recorded jail calls to an inmate in the Kettle Moraine Correctional Institution. I provided the recorded call made on or about October 13, 2023, to TFO Sean Mayerbock, who was involved in the investigation of case 23-CR-00015. TFO Mayerbock has several opportunities to speak with HERNANDEZ during the investigation and is familiar with HERNANDEZ's voice. Upon reviewing the recorded jail call, TFO Mayerbock informed me he recognized one of the voices in the conversation between the inmate and the **Target Cell Phone** as beginning HERNANDEZ.

22.     As of the date of this affidavit, HERNANDEZ's whereabouts remain unknown, and the arrest warrant in 2:23-CR-00015 remains unserved.

23.     Based on your affiant's training and experience in locating and apprehending fugitives, the data being sought by this warrant will assist in locating HERNANDEZ.  Because successful apprehensions, particularly of fugitives with multiple aliases, often rely on the element of surprise and on taking the fugitive unawares, it is often necessary to attempt an arrest during nighttime or the early morning hours, when most people are sleeping. Further, apprehension tactical plans often change at the last minute based on unexpected movements or other behavior of the target.  Therefore, I cannot predict in advance when this data would need to be accessed and

would need access to the data at all times of the day or night in order to ensure a safe and successful apprehension.

24.     I believe the **Target Cell Phone**, whose service provider is T-Mobile ("Service Provider"), a wireless telephone service provider, continues to contain valuable information on this account that could be used for locating the whereabouts of Jacque HERNANDEZ ("HERNANDEZ") who is currently wanted for violations of Title 18, United States Code, Section 3146 in relation to violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 843(b) and Title 18, United States Code, Section 2(a). Historical information regarding the **Target Cell Phone's** location would also assist in locating HERNANDEZ, as it could provide agents additional locations and individuals associated with HERNANDEZ and assist in locating HERNANDEZ.

## JURISDICTION

25.     The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## TECHNICAL BACKGROUND

26.     Based on my training and experience, I know that Service Provider can collect historical and prospective cell-site data and historical and prospective E-911 Phase II data about the location of the **Target Cell Phone**, including by initiating a signal to determine the location of the **Target Cell Phone** on Service Provider's network or with such other reference points as may be reasonably available.

### A. Cell-Site Data

Page 7

27.     In my training and experience, I have learned that Service Provider is a company that provides cellular communications service to the general public. I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the cellular devices to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate general location of the cellular device.

28.     Based on my training and experience, I know that Service Provider can collect cell-site data on a historical and prospective basis about the **Target Cell Phone**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as the Service Provider typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business to use this information for various business-related purposes.

**B. E-911 Phase II / GPS Location Data**

Page 8

29.     I know that some providers of cellular telephone service, including Service Provider, have technical capabilities that allow them to collect and generate E-911 Phase II data, also known as GPS data or latitude-longitude data. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers.

30.     As discussed above, cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.

31.     I also know that certain wireless providers, such as Service Provider, can provide precision location information, also known as estimated location records or historical handset location data, on both a historical and prospective basis. Each provider refers to its proprietary estimates of a cellular device's location differently. This information, however, is sometimes referred to as geolocation information (PING), Network Event Location System (NELOS) data, Global Positioning System (GPS) data, cell tower triangulation or trilateration, round-trip time, or real-time tool (RTT), per-call measurement data (PCMD), historical E911 data, or precision measurement information.

32.     Based on my training and experience, I know that Service Provider also can collect per-call measurement data, which Service Provider also refers to as the "real-time tool" ("RTT"). RTT data estimates the approximate distance of the cellular device from a cellular tower based

upon the speed with which signals travel between the device and the tower. This information can be used to estimate an approximate location range that is more precise than typical cell-site data.

33. Accordingly, cell-site data is typically less precise that E-911 Phase II data. Based on my training and experience, I know that the Service Provider can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on the Service Provider's network or with such other reference points as may be reasonably available.

**C. Pen-Trap Data**

34. Based on my training and experience, I know each cellular device has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers – as transmitted from a cellular device to a cellular antenna or tower – can be recorded by pen-trap devices and indicate the identity of the cellular device making the communication without revealing the communication's content.

**D. Subscriber Information**

35. Based on my training and experience, I know that wireless providers such as the Service Provider typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number)

provided by the subscriber to pay for wireless communication service. I also know that wireless providers such as the Service Provider typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular device and other transactional records, in their normal course of business.

36.     In my training and experience, this information may assist in locating the whereabouts of Jacque HERNANDEZ ("HERNANDEZ") who is currently wanted for violations of Title 18, United States Code, Section 3146 in relation to violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 843(b) and Title 18, United States Code, Section 2(a).

## V.     AUTHORIZATION REQUEST

37.     Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

38.     I further request that the Court direct the Service Provider to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.

39.     I also request that the Court direct the Service Provider to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with the Service Provider's services, including by initiating a signal to determine the locations of the Target Cell Phone on the Service Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The

Case 2:23-mj-01836-NJ   Filed 10/24/23   Page 19 of 25   Document 1

government shall reasonably compensate the Service Provider for reasonable expenses incurred in furnishing such facilities or assistance.

40.     Because the warrant will be served on the Service Provider, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

Case 2:23-mj-01836-NJ   Filed 10/24/23   Page 20 of 25   Document 1

## ATTACHMENT A

### Property to Be Searched
### Matter No. 2022R00539

Records and information associated with the cellular device assigned **414-888-2829** (referred to herein and in Attachment B as "the Target Cell Phone"), with listed subscriber(s) unknown, that is in the custody or control of T-MOBILE (referred to herein and in Attachment B as the "Service Provider"), a wireless communications service provider that is headquartered at 4 Sylvan, Parsippany, NJ 07054.

**ATTACHMENT B**

**Particular Things to be Seized**
**Matter No. 2022R00539**

**I.        Information to be Disclosed by the Service Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Service Provider, including any information that has been deleted but is still available to the Service Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Service Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

a.    The following subscriber and historical information about the customers or subscribers associated with the **Target Cell Phone** for the time period from June 23, 2023, to present:

   i.    Names (including subscriber names, usernames, and screen names);

   ii.   Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii.  Local and long-distance telephone connection records;

   iv.   Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v.    Length of service (including start date) and types of service utilized;

   vi.   Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number

Page 14

("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records; and

ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the **Target Cell Phone**, including:

(A) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

(ii) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received), as well as per-call measurement data (also known as "real-time tool" or "RTT").

b. Information associated with each communication to and from the **Target Cell Phone** for a period of 30 days from the date of this warrant, including:

i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

ii. Source and destination telephone numbers;

iii. Date, time, and duration of communication; and

iv. All data about the cell towers (i.e., antenna towers covering specific geographic areas) and sectors (i.e., faces of the towers) to which the **Target Cell Phone** will connect at the beginning and end of each communication, as well as per-call measurement data (also known as "real-time tool" or "RTT").

The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with the **Target Cell Phone**.

c. Information about the location of the **Target Cell Phone** for a period of 30 days, during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information.

i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Service Provider, the Service Provider is required to disclose the Location Information to the government. In addition, the Service Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the

Case 2:23-mj-01836-NJ   Filed 10/24/23   Page 24 of 25   Document 1

Service Provider's services, including by initiating a signal to determine the location of the **Target Cell Phone** on the Service Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Service Provider for reasonable expenses incurred in furnishing such facilities or assistance.

**II.** This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

### III. Information to be Seized by the Government

1. All information described above in Section I that would assist in locating the whereabouts of Jacque HERNANDEZ ("HERNANDEZ") who is currently wanted for violations of Title 18, United States Code, Section 3146 in relation to violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 843(b) and Title 18, United States Code, Section 2(a).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Service Provider in order to locate the things particularly described in this Warrant.

Page 17